J. S18041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| OTIS LEE BOYD, | : | No. 1675 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 11, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0001335-1991

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　　**FILED MAY 16, 2018**

Otis Lee Boyd appeals ***pro se*** from the October 11, 2017 order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The underlying facts and procedural history of this case were summarized in a prior memorandum of this court and need not be reiterated here.  ***See Commonwealth v. Boyd***, 145 A.3d 789 (Pa.Super. 2016) (unpublished memorandum at 1-3), ***appeal denied***, 159 A.3d 934 (Pa. 2016).  In sum, appellant was sentenced to life imprisonment on April 2, 1992, after a jury found him guilty of first-degree murder[1] in connection with

---

[1] 18 Pa.C.S.A. § 2502(a).

the strangling death of Muriel Laughery. On December 15, 1995, this court affirmed appellant's judgment of sentence; and the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal on August 16, 1996; and the United States Supreme Court denied appellant's petition for writ of *certiorari* on January 13, 1997. *See Commonwealth v. Boyd*, 674 A.2d 311 (Pa.Super. 1995), *appeal denied*, 682 A.2d 306 (Pa. 1996), *certiorari denied*, 519 U.S. 1082 (1997). Appellant filed his first *pro se* PCRA petition on July 31, 1997, and counsel was appointed to represent him. Counsel filed an amended PCRA petition on appellant's behalf on December 12, 2003, and the PCRA court dismissed said petition on July 16, 2004. On January 12, 2006, this court affirmed the dismissal, and the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal on January 17, 2007. *See Commonwealth v. Boyd*, 895 A.2d 645 (Pa.Super. 2006), *appeal denied*, 931 A.2d 655 (Pa. 2007).

Between August 2007 until June 2015, appellant filed three additional PCRA petitions, all of which were ultimately unsuccessful. Undaunted, appellant filed the instant *pro se* PCRA petition, his fifth, on March 30, 2017. On July 28, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on August 29, 2017. Thereafter, on October 11, 2017, the

PCRA court dismissed appellant's petition as untimely. Appellant filed a timely *pro se* notice of appeal on November 9, 2017.[2]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Additionally, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant[.]" *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the

---

[2] The docket reflects that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), and did not file a Rule 1925(a) opinion.

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on January 13, 1997, the date the United States Supreme Court denied his petition for writ of ***certiorari***. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Appellant's petition, which was filed over 20 years later, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section § 9545(b)(1).[3] In his ***pro se*** brief to this court, appellant fails to even acknowledge the untimeliness of his serial petition, let alone invoke any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). Rather, the crux of appellant's argument on appeal is that,

> the court erred when requiring [appellant] to sign an unsworn declaration that holds him criminally liable for submission of any falsifications he puts before the courts, while at the same time leaving unresolved his competency to raise issues with uncorrected falsifications that challenged the trial judge for

---

[3] The three narrow exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

> cause, . . . a cause that has invoked a bias that is either implied or actual in his decisions against the [appellant].

Appellant's brief at 4 (capitalization omitted). Appellant maintains that "the court erred when it failed to correct two falsifications put before the fact finders: one about the capital penalty and the other about a property of a drug." (*Id.* at 11 (capitalization omitted).)

Based on the foregoing, we conclude that appellant has failed to plead and prove an exception to the PCRA time-bar and that the PCRA court properly found that it lacked jurisdiction to review his claims. ***See Callahan***, 101 A.3d at 123 (holding, if a PCRA petition is untimely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review the petition). Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2018